# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MATTHEW WEISS,**

        **Plaintiff,**

v.                                      **Case No: 6:23-cv-605-PGB-RMN**

**TRANS UNION LLC,**

        **Defendant.**

_____/

## ORDER

This matter comes before the Court *sua sponte* for jurisdictional review.[1] On February 6, 2023, Plaintiff Matthew Weiss ("**Plaintiff**") initiated this action in state court. (Doc. 1-2). Defendant Trans Union LLC ("**Defendant**") then filed a Notice of Removal in this Court on March 31, 2023, claiming both federal question and diversity of citizenship jurisdiction. (Doc. 1, pp. 3–6). However, upon due consideration, the Court is due to *sua sponte* remand this action to state court for lack of subject matter jurisdiction.[2]

---

[1] Federal courts exercise limited jurisdiction, and are obligated, in every case, to "zealously ensure that jurisdiction exists." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Accordingly, district courts must "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

[2] A district court has the authority to remand a case *sua sponte* upon a determination that it lacks subject matter jurisdiction. *See, e.g., In re the Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 322–24 (11th Cir. 1997).

I. **DISCUSSION**

Simply put, the Court has neither federal question nor diversity of citizenship jurisdiction over the instant action. The Court will briefly address its reasoning below.

28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Am. Tobacco Co.*, 168 F.3d at 411.[3]

Federal courts maintain jurisdiction over two general types of case: cases that "arise under federal law" and cases meeting the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331–1332; *Home Depot U.S.A, Inc. v. Jackson*, 139 S.

---

[3] "Sound reasons exist to limit the exercise of removal jurisdiction." *Sinclair v. Auto-Owners Ins. Co.*, 22 F. Supp. 3d 1257, 1263 (N.D. Ga. 2014); *see Poll v. Deli Mgmt., Inc.*, No. 07–CV–0959–RWS, 2007 WL 2460769, at *2 (N.D. Ga. Aug. 24, 2007). Notably, one reason is that "limitations on removal jurisdiction [] recognize that the plaintiff is the master of his own complaint." *Poll*, 2007 WL 2460769, at *2.

Ct. 1743, 1746 (2019). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court must be sure that the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. In determining the amount in controversy, the court must review the removal documents. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). Beyond the face of the complaint, a district court may consider the defendant's notice of removal and evidence submitted by the parties. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery*, 483 F.3d at 1211.

First, Defendant opines that removal was proper because "Plaintiff's claims present a federal question"—violations of the Fair Credit Reporting Act ("**FCRA**"). *See* 28 U.S.C. §§ 1331, 1441(a); (Doc. 1, p. 6). To the contrary, the instant Complaint sets forth claims for "unjust enrichment, consumer fraud, false advertising[,] and deceptive practices"—with no mention of the FCRA. (Doc. 1-2).[4] Moreover, Defendant submitted evidence that further supports the conclusion that the instant case involves one of three "voucher claims" that Plaintiff brought *independent* of his FCRA claims. (*See* Doc. 1-6; *see also* Doc. 1-10 (separating the

---

[4]  The Court distinguishes the instant Complaint from some of the complaints in other cases Plaintiff has filed in which Plaintiff alleges Defendant "violated the FCRA 15 U.S.C. § 1681p." (Docs. 1-4, 1-5). Such an allegation is neither in the instant Complaint nor evinced from the evidence Defendant submitted in support of removal of the *instant* case. (*See* Docs. 1-2, 1-6, 1-10).

five current cases filed into two groups: two cases—and supposedly counting—for FCRA violations, and three cases for a litany of other causes of action)). Thus, viewing the Complaint and additional evidence submitted, the Court does not have federal question jurisdiction over the present case before it.

Alternatively, Defendant purports the Court has diversity jurisdiction. (Doc. 1, pp. 3–6). Alas, it currently does not. The crux of the issue surrounds the amount in controversy.[5] Facially, the Complaint requests relief in the sum of $8,000—far below the requisite $75,000. (Doc. 1-2). Typically, the aforementioned demand explicitly included within the initial pleading would be deemed the amount in controversy, absent bad faith. *See* 28 U.S.C. § 1446(c)(2). Thus, Defendant argues that Plaintiff has not alleged the amount in controversy in good faith and, in actuality, "the amount in controversy is at least $ 232,000." (Doc. 1, p. 4).

The issue with the aforementioned contention, however, is that Defendant bases such a calculation off the value of cases it speculates will be filed *sometime in the future*. (*Id.* at pp. 4–5). Yet, "[j]urisdiction is based on actuality, not prophecy, the pressure of a grievance immediately felt and presently measur[]able in money of the jurisdictional amount. Speculative anticipation that conditions, from which present ills, not now sufficient in amount to give jurisdiction, flow, may in time aggregate the necessary amount, will not support jurisdiction." *Vicksburg,*

---

[5] The Court finds Defendant has adequately alleged complete diversity of the parties, and thus, such an element is not at issue. (Doc. 1, p. 3).

*S. & P. Ry. Co. v. Nattin*, 58 F.2d 979, 980 (5th Cir. 1932).[6] In other words, the amount in controversy cannot be met by aggregating valuations of claims clearly not yet brought before a court.[7] *See Pretka*, 608 F.3d at 754 (highlighting that reasonable inferences, supported by evidence, are "not akin to conjecture, speculation, or star gazing"). All in all, the Court refuses to engage in judicial stargazing to find diversity jurisdiction based on, so far, non-existent claims.

## II.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Small Claims Division, for further proceedings.

2. The Clerk of Court is **DIRECTED** to send a certified copy of the Order to the Clerk of Court for the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Small Claims Division.

3. The Clerk of Court is **DIRECTED** to terminate any pending motions and thereafter close the file.

**DONE AND ORDERED** in Orlando, Florida on April 25, 2023.

---

[6] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[7] Even if the Court were to consider the aggregate amount of the five cases currently removed to federal court—and the only that exist in any court thus far—the total amount still falls far short of $75,000. (Doc. 1, pp. 4–5).

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties